UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,

                Plaintiff,

-vs-                                   Case No.  6:04-cv-993-Orl-19JGG

THOMAS J. ARRIGONI d/b/a
VACATION SHOWROOMS a/k/a
VACATIONSHOWROOMS.COM,
TELEPLEX, INC., BRAD HEATH,
MICHAEL HERRING, JACOB WOOD,
and DOUGLAS KAPLAN d/b/a
I MARKETING COMPANY a/k/a
AMERICAN MANAGEMENT,

                Defendants.
_____

## PERMANENT INJUNCTION AND FINAL ORDER
## AGAINST DEFENDANT, MICHAEL HERRING

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

1) This Court has jurisdiction over the Plaintiff, Disney Enterprises, Inc. (hereinafter "Disney") and Defendant, Michael Herring (hereinafter "Herring"), and the Subject Matter of this action.

2) Disney is the owner and/or exclusive licensee of all copyrights and trademarks to the Disney Characters, Disney Device Marks and Disney Word Marks a representative sample of which are identified in the Complaint and also listed as Exhibits "A" and "B" to the Permanent Injunction. Disney owns numerous other registrations and regularly files and receives new

registrations for the Disney Characters, Disney Device Marks and Disney Word Marks as well as for new copyrighted works and trademarks.  The registrations are valid and subsisting and are conclusive proof of the Plaintiff's rights to the marks and properties noted. Disney's current registrations to the Disney Characters, Disney Device Marks and Disney Word Marks as well as any future registrations it receives for its copyrighted works and trademarks will be hereinafter collectively referred to as "the Trademarks and Copyrighted Properties."

   3)  Disney is suffering and has suffered irreparable injury as a result of Herring's distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of travel, leisure, hotel, theme park or vacation services (hereinafter known as "Travel Packages") in conjunction with unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks and Copyrighted Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarks and Copyrighted Properties, or through Herring's unauthorized telemarketing, distribution of facsimile advertising and Internet advertising for his Travel Packages which advertising utilized unauthorized reproductions of the Trademarks and Copyrighted Properties, or which advertisement suggest that Disney has sponsored, approved or authorized the Travel Packages. Disney will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

   4)  Herring has stipulated and agreed to entry of a Permanent Injunction forever enjoining him from selling, offering for sale, advertising, promoting, marketing and/or distributing Travel Packages in conjunction with any unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks and Copyrighted Properties, or any unauthorized design or image which is of a substantially similar appearance to the Trademarks

and Copyrighted Properties, or from utilizing such unauthorized Trademarks and Copyrighted

Properties in or in conjunction with any email solicitations, pop-ups, pop-unders, web site

advertisements, Internet advertisements, newsgroup postings, facsimile solicitations,

telemarketing solicitation, wireless solicitations, print advertising, radio advertising and/or

television advertising for its Travel Packages. The injunction will not preclude HERRING from

making fair use of the following marks, "Disney", "Walt Disney World", and "Epcot", together

with the names of any other Walt Disney World resort theme park, in block letter form solely to

accurately and fairly describe the Travel Packages they are selling, distributing and offering for

sale, to the extent that the Travel Packages offered in conjunction with the mark actually include

tickets or reservations at the applicable theme park or resort.  The reproduction of the marks in

block letter form must be the smaller of: (a) one half the size of the lettering utilized on the

solicitation or advertising copy identifying the solicitation or advertising as originating from or

sponsored by Herring, or (b) no larger than the size, and of the same type, of the surrounding

advertising copy in which the mark is utilized to identify the Disney theme park or resort.

In view of the foregoing:

**IT IS ORDERED AND ADJUDGED** that a **PERMANENT INJUNCTION** is entered

as to Michael Herring, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining

Michael Herring, his agents, servants, employees and attorneys, and upon those persons in active

concert or participation with them who receive actual notice of this Order by personal service or

otherwise:

a.       from selling, offering for sale, advertising, promoting, marketing and/or

distributing Travel Packages in conjunction with any unauthorized simulations,

reproductions, counterfeits, copies or colorable imitations of the Trademarks and

Copyrighted Properties, or any unauthorized design or image which is of a

substantially similar appearance to the Trademarks and Copyrighted Properties, or

from utilizing such unauthorized Trademarks and Copyrighted Properties in or in

conjunction with any email solicitations, pop-ups, pop-unders, web site

advertisements, Internet advertisements, newsgroup postings, facsimile

solicitations, telemarketing solicitation, wireless solicitations, print advertising,

radio advertising and/or television advertising.  Notwithstanding this prohibition

the injunction will not preclude Herring from making fair use of the following

marks, "Disney", "Walt Disney World", and "Epcot", together with the names of

any other Walt Disney World resort theme park, in block letter form solely to

accurately and fairly describe the Travel Packages they are selling, distributing

and offering for sale, to the extent that the Travel Packages offered in conjunction

with the mark actually include tickets or reservations at the applicable theme park

or resort.  The reproduction of the marks in block letter form must be the smaller

of:  (a) one half the size of the lettering utilized on the  solicitation or advertising

copy identifying the solicitation or advertising as originating from or sponsored

by Herring, or (b) no larger than the size, and of the same type, of the surrounding

advertising copy in which the mark is utilized to identify the Disney theme park

or resort

b.      from passing off, inducing or enabling others to sell or pass off, as authentic

services or products produced by the Plaintiff or otherwise authorized by the

Plaintiff, any service or product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff, or approved by the Plaintiff, which utilize any of the Trademarks and Copyrighted Properties;

c.     from committing any act calculated to cause purchasers to believe that Herring's services and/or products are those sold under the control and supervision of the Plaintiff, or are sponsored, approved or guaranteed by the Plaintiff, or are connected with and produced under the control or supervision of the Plaintiff;

d.     from diluting and infringing the Plaintiff's Trademarks and Copyrighted Properties and damaging their goodwill;

e.     from causing, aiding, and/or abetting any other person from doing any act proscribed under a. through d. above.

It is further, **ORDERED AND ADJUDGED**,

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement and Consent to Permanent Injunction, Permanent Injunction and Final Order by way of contempt or otherwise.  Herring agrees not to contest the validity of the Trademarks and Copyrighted Properties in any such proceedings.

Its is further, **ORDERED AND ADJUDGED**,

That the parties waive appeal of this Permanent Injunction and Final Order.

It is further, **ORDERED AND ADJUDGED**,

That this Permanent Injunction and Final Order shall operate as a final judgment as to Michael Herring.

It is further, **ORDERED AND ADJUDGED**,

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

**DONE** and **ORDERED** in Chambers in Orlando, Florida at 9:55 a.m. on November 15, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party